# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CAROL KING, Individually, and as
Administrator of the ESTATE OF
JUSTIN PATRICK KING,
DECEASED,

           Plaintiff,

    v.

ALPHA SIGMA TAU NATIONAL
FOUNDATION, INC., *et al.*,

           Defendants.

No. 4:20-CV-00778

(Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 1, 2020

## I.  BACKGROUND

This action arises from the death of Plaintiff Carol King's son, 18-year-old

Justin P. King.[1]  Justin King was a freshman at Bloomsburg University who died

during a fraternity rush party.[2]  Carol King subsequently commenced this action

against Defendants[3] on March 19, 2020 in the Court of Common Pleas of

---

[1]  Doc. 23 at 1.
[2]  *Id.*
[3]  Defendants consist of the Alpha Sigma Tau National Foundation, Inc., Alpha Sigma Tau Sorority, Alpha Sigma Tau Housing Corporation, Kappa Sigma Fraternity, and the Richard G. Miller Memorial Foundation (doing business as the Kappa Sigma Endowment Fund) (collectively "Defendants").  *Id.*

Columbia County via a Writ of Summons.[4]  In April 2020, King served Defendants with a writ of summons and pre-complaint discovery.[5]

Defendants then removed the action to this Court.[6]  But, finding no objectively reasonable basis for removal, this Court remanded the case back to state court.[7]  The Court retained jurisdiction for the limited purpose of calculating and determining appropriate attorneys' fees to be awarded to King.[8]  The Court asked for briefing on the issue of King's actual expenses incurred as a result of the wrongful removal under 28 U.S.C. § 1447(c).[9]

This motion is now ripe; for the following reasons, King's motion for attorneys' fees is granted in accordance with the following opinion.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a court remanding a case to state court after a defendant has wrongfully removed it may order the defendant to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[10]  Section 1447(c) balances two competing interests: (1) deterring

---

[4]  *Id.*
[5]  *Id.*
[6]  Doc. 1.
[7]  Doc. 18.
[8]  *Id.* at 5.
[9]  *Id.*
[10]  28 U.S.C. § 1447(c).

wrongful removals, while (2) not overly deterring parties from attempting to remove cases in the first place.[11]

The threshold issue in this motion is whether the language of § 1447(c), which refers to "actual expenses," precludes King from recovering attorneys' fees that were not actually billed to her because her case is charged on contingency. Defendants argue that the language of § 1477(c) limits the authority of the Court to awarding only those fees that were actually incurred by King.[12]  In their view, Congress' decision to use the word "actual" instead of "reasonable" in § 1447(c) was a purposeful determination to restrict awards only to those fees that were actually billed and charged to the client.[13]  Consequently, because none of King's fees have technically been charged to her, Defendants argue she is wholly excluded from recovering any attorneys' fees.[14]

The Court disagrees.  Answering precisely this question, the United States Court of Appeals for the Ninth Circuit held that § 1447(c) allows plaintiffs to recover attorneys' fees even where they are represented on contingency.[15] Importantly, the Ninth Circuit reasoned that such an interpretation of § 1447(c) comported most closely with the purpose and intent of the statute.[16]  The United

---

[11]   *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).
[12]   Doc. 24 at 3-4.
[13]   *Id.*
[14]   *Id.*
[15]   *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487-88 (9th Cir. 1995).
[16]   *Id.*

States Court of Appeals for the Seventh Circuit came to the same conclusion in *Wisconsin v. Hotline Industries, Inc.*[17]  There, though limiting the ultimate recovery to only those fees incurred as a *result of* the wrongful removal, the Seventh Circuit held that salaried government lawyers are entitled to recovering attorneys' fees under § 1447(c), even if they did not technically bill anyone for their services.[18]  The *Hotline Industries* court found this appropriate because the cost of removal had been actually incurred.[19]

The Court agrees with the Ninth and Seventh Circuits' interpretation of § 1447(c).  The purpose of § 1447(c) is to deter defendants from improperly removing cases to federal court, thus wasting the opposing party's, as well as the judiciary's, resources.[20]  It would undermine the statute's purpose to exclude recovery for parties represented on contingency simply because their attorneys do not use a traditional billing model.  Moreover, King's attorneys have actually incurred costs because they have spent time and effort working on King's case that they could have expended on other matters.[21]

Further, the Court finds it appropriate to measure King's attorneys' fees by calculating the reasonable fee that King's counsel could have charged but-for their work contesting removal.  As discussed above, section 1447(c) only limits a

---

[17]   236 F.3d 363, 366-68 (7th Cir. 2000).
[18]   *Id.* at 365-66.
[19]   *Id.*
[20]   *Martin.*, 546 U.S. at 140.
[21]   *Wisconsin*, 236 F.3d at 365-66.

court's authority to awarding fees actually incurred *as a result of* removal; it does not mandate any particular formula or methodology.[22]  Accordingly, given this statutory silence, the Court concludes that King will be awarded reasonable attorneys' fees using the lodestar formula.

## III.   DISCUSSION

The prevailing method for calculating a reasonable attorneys' fees is the lodestar formula.[23]  This formula proceeds in two steps.  First, a court determines "the number of hours reasonably expended" on the litigation before it.[24]  "Hours are not reasonably necessary if they are excessive, redundant, or otherwise unnecessary."[25]  Second, a court determines what amount constitutes a reasonable fee.[26]  Because of the fact-intensive nature of this analysis, the total "amount of the fee, of course, must be determined on the facts of each case."[27]

Defendants challenge the reasonableness of both the time King's counsel spent on addressing the remand issue, as well as the fee rate they have submitted. Defendant's also challenge any reimbursement for costs King's counsel spent on

---

[22]   *Huffman v. Saul Holdings Ltd P'ship*, 262 F.3d 1128, 1135 (10th Cir. 2001) ("To be compensable, [the plaintiff's] fees must be actually 'incurred,' that is, they must reflect *efforts expended to resist their removal*."); *S. Annville Twp., Lebanon Cnty. Auth. v. Kovarik*, 2014 WL 4793782, No. 1:13-cv-01780, at *2 (M.D. Penn. Sept. 25, 2014) ("[A] party is entitled to recover only those fees and costs actually incurred in contesting the removal of the action; a party may not recover for substantive work on the underlying case coincidentally performed while a party was seeking remand."), *aff'd* 651 Fed. Appx. 127 (3d Cir. June 3, 2016).

[23]   *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

[24]   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[25]   *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

[26]   *Id.*

[27]   *Hensley*, 461 U.S. at 429-30.

an economist to provide evidence for this motion.  Because Defendants have specified "with particularity the reason for [their] challenge and the category (or categories) of work being challenged," the Court will consider their objections.[28] Additionally, "[i]t bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party."[29]

### A.    Hours Expended

The hours King's counsel have submitted are reasonable.  Defendants sole argument on this point is that it is unreasonable to recover for any work done to litigate the question of attorneys' fees.  In Defendants' view, section 1447(c) provides "no support for fees-upon-fees."[30]  Consequently, they object to any award compensating or reimbursing King for work done on this matter.

The Court disagrees with Defendants.  The plain text of section 1447(c) states that fees are recoverable if they were incurred *as a result of* a removal. Recovering attorneys' fees is clearly one result of Defendants' choice to remove without an objectively reasonable basis for doing so.  Moreover, the purpose of deterring wrongful removal is significantly furthered by allowing King to recover

---

[28]   *Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).
[29]   *Id.*
[30]   Doc. 24 at 12.

the cost of litigating a fee award under section 1447(c).[31]  Accordingly, the Court finds the submitted hours are reasonable.[32]

### B.    Hourly Rate

This Court uses the forum rate rule, which directs district courts to "award attorney fees based on the 'forum rate'" set by each vicinage in the Middle District of Pennsylvania.[33]  Under this rule, courts will determine a reasonable hourly rate "according to the prevailing market rates in the relevant community."[34]  The "relevant community" refers to the community in which the litigation is taking place[35]; this Court, sitting in Williamsport, Pennsylvania, will thus rely on the market rates it has previously determined for this jurisdiction in *Beattie v. Line Mountain School District*.[36]

---

[31]   This conclusion does not frustrate or inhibit the second purpose of section 1447(c), which is to limit over-deterrence of removals.  Asking defendants to pay the costs of litigating a fee award under section 1447(c) does not overly deter defendants from removing cases; rather, it merely requires that defendants who lack an objectively reasonable basis for removal compensate for the delay their actions have caused.  *See also Prandini v. National Tea Co.*, 585 F.2d 47, 53-54 (3d Cir. 1978) (looking to statutory purpose to analyze whether reasonable attorneys' fees include time spent litigating and appealing a fee award).

[32]   The Court also finds Defendants' objection that "the ledger is suspect" unpersuasive. Defendant notes a $479 discrepancy between the amount listed in the ledger before this motion was filed and that referenced in briefing in support of the motion.  Even accepting this as true, Defendants cite no other irregularity or problem sufficient to throw the entire ledger, and King's entire motion, into question.  Absent more specific evidence, the Court declines to reject King's counsel's submitted hours.  Similarly, the Court finds Defendants' other objections lack merit.  In particular, Defendants' suggestion that their attempt to remove was so obviously inappropriate that King's counsel should have spent less time contesting it is noted, but not well taken.  Doc. 24 at 12.

[33]   *Interfaith Cmty. Org. v. Honeywell Int'l., Inc.*, 426 F.3d 694, 705 (3d Cir. 2005).

[34]   *Lougher v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001).

[35]   *Interfaith Cmty. Org*, 426 F.3d at 699 ("[A] prevailing party's attorneys should be compensated based on market rates in the vicinage of the litigation.").

[36]   No. 4:13-cv-02655, 2014 WL 3400975 (M.D. Pa. July 10, 2014).

In *Beattie*, this Court established the market rates for attorneys practicing in the Williamsport vicinage of the Middle District of Pennsylvania.[37]  The Court found that reasonable rates range from $180 to $325 per hour, depending upon the skill, expertise, and experience of an attorney working on the matter at hand.[38]

The forum rate rule applies to King's counsel.  Accordingly, the Court must reduce King's request for attorneys' fees, which set rates in excess of those set forth in *Beattie*.[39]  Based on counsel's experience and skill, the Court finds David C. Williams's reasonable rate to be $325 per hour, Eleanor O. Aldous's reasonable rate to be $200 per hour, and the legal researcher's reasonable rate to be $150 per hour.[40]  Applying this calculation to the lodestar formula, King is entitled to $11,377.75 in attorneys' fees.

## C.     Economist

King is also entitled to compensation for the $450 spent on an economist to support this motion.  As discussed above, section 1447(c) limits recovery to actual costs incurred as a result of removal.  Here, King was actually charged $450 for the economist's report written in support of the present motion.  Because this fee was

---

[37]  *Id.* at *10-11.

[38]  *Id.* at *10.

[39]  Specifically, the rates provided by King's counsel, Kline & Specter, include $250 per hour for a non-licensed legal researcher, $340 per hour for associate Eleanor O. Aldous, and $550 per hour for partner David C. Williams.  Doc. 23 at 8.

[40]  Doc. 23-6; Doc. 23-7.

incurred *as a result of* Defendant's removal, King shall be reimbursed for that expense.

## IV.    CONCLUSION

King is entitled to $11,377.5 in attorneys' fees, and $450 for the cost of the economic report.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge